# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WAYNE I CORBEIL, JR.,

                 Plaintiff,

v.

DIVISION OF COMMUNITY CORRECTIONS, BRAD A. EGGUM, JOSEPH PACKARD, and DANIEL SCHROEDER,

                 Defendants.

Case No. 22-CV-11-JPS

**ORDER**

    Plaintiff Wayne I. Corbeil, Jr., a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights in regards to his treatment while on extended supervision. ECF No. 1. On October 20, 2022, the Court screened Plaintiff's complaint, found that it failed to state a claim, and ordered Plaintiff to file an amended complaint on or before November 10, 2022. ECF No. 9.

    That deadline has now passed, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court. As such, the Court is obliged to dismiss Plaintiff's case, with prejudice, because his complaint failed to state a claim.

    Accordingly,

    **IT IS ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

    **IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id*.

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.